United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YENNIFER N.E., "Petitioner," | § § § | |
| v. | § § | Civil Action No. 1:26-cv-00379 |
| MARKWAYNE MULLIN, *et al.*, *in their official capacities*, "Respondents." | § § § § | |

## ORDER

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), Respondents' "Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss or Alternatively for Summary Judgment" (Dkt. No. 6) ("MTD"), the Magistrate Judge's "Report and Recommendation to Grant Petitioner's Habeas Petition" (Dkt. No. 7) ("R&R"), and Respondents' "Objection to Dkt. No. 7" (Dkt. No. 9) ("Objection").

The Magistrate Judge recommended this Court 1) grant the Petition (Dkt. No. 1) in part, (2) deny the MTD (Dkt. No. 6), (3) order Respondents to release Petitioner and after that comply with the regulations governing the Deferred Action for Childhood Arrivals ("DACA") status termination, and (4) direct the Clerk of Court to close the case. Dkt. No. 7 at 2. Upon a de novo review, the Court **ADOPTS** the R&R (Dkt. No. 7).

### I.    BACKGROUND

Petitioner is a Mexican citizen who has lived in the United States for over 25 years. Dkt. No. 1 at 5. The record confirms that Petitioner was granted deferred action status under the DACA program in 2012. *Id.* That status remains valid until June 23, 2027. Dkt. No. 1-3 at 1.

On February 17, 2026, Petitioner was arrested for driving with an expired license. Dkt. No. 6 at 2. Petitioner was issued a Notice to Appear ("NTA") the day after, on February 18, 2026. *Id.* Since then, Petitioner has been detained at El Valle Detention Center in Los Fresnos, Texas. Dkt. No. 1 at 2.

On April 3, 2026, Petitioner filed a writ of habeas corpus requesting her release under 8 U.S.C. § 2241, arguing that her DACA status was not terminated by Respondents in conformity with the applicable regulations, Dkt. No. 1 at 8, which require the government to "provide a

Notice of Intent to Terminate and an opportunity to respond prior to terminating a grant of Deferred Action for Childhood Arrivals." 8 C.F.R. § 236.23(d)(1). Respondents counter that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2) and Petitioner's active DACA status does not render that detention unlawful. Dkt. No. 6 at 7.

## II.   LEGAL STANDARD

If a party objects to a magistrate's ruling, the district court will review that determination de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## III.   DISCUSSION

### A. RESPONDENTS DID NOT ADHERE TO THEIR OWN AGENCY REGULATIONS AND VIOLATED PETITIONER'S DUE PROCESS RIGHTS.

In general, an agency's "[f]ailure to adhere to regulations can constitute a denial of due process of law." *Francois v. Garland*, 120 F.4th 459, 465 (5th Cir. 2024) (quoting *Arzanipour v. I.N.S.*, 866 F.2d 743, 746 (5th Cir. 1989)). Not every administrative misstep equates to a due process violation. *Arzanipour*, 866 F.2d at 746. But when regulations safeguard important, individual rights derived from the Constitution or a federal statute, "it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz*, 415 U.S. 199 (1974). Failure to do so is a "a denial of due process." *Gov't of Canal Zone v. Brooks*, 427 F.2d 346, 347 (5th Cir. 1970) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, (1954)).[1]

8 C.F.R. § 236.23(d)(1) requires the government to "provide a Notice of Intent to Terminate and an opportunity to respond prior to terminating a grant of Deferred Action for Childhood Arrivals." Respondents argue that 8 C.F.R. § 236.23(d)(1) prohibits removal without proper DACA termination, but not detention without formal termination. Dkt. No. 9. And so long as Respondents have not formally terminated Petitioner's DACA status, there has been no § 236.23(d)(1) violation. *Id.* at 2. The Court finds that argument to lack merit because it ignores the operative effect of Respondents' actions in this case.

---

[1] By contrast, to state a due process violation for an agency's noncompliance with regulations not required by federal law or the Constitution, there must be a showing of "substantial prejudice." *Francois*, 120 F.4th at 466. 8 C.F.R. § 236.23(d)(1) affords notice and an opportunity to be heard to DACA recipients who face status termination. Such "important and imperative procedural safeguards" fit within the class of agency actions to which cognizable due process interests attach. *See United States v. Caceres*, 440 U.S. 741, 760 (1979). Thus, a showing of substantial prejudice is not required.

DACA is, by definition, a grant of deferred action. *See* 8 U.S.C. § 236.21(c)(1). The Supreme Court has defined "deferred action" as a "decision to decline to institute [removal proceedings], terminate [removal proceedings], or decline to institute a final order of [removal]." *DHS v. Regents of the Univ. of California*, 591 U.S. 1, 45 (THOMAS, J., concurring in part) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999)). "A case may be selected for deferred action treatment at any stage of the administrative process." *Reno*, 525 U.S. at 484. In other words, deferred action reflects the Government's decision "not to pursue the removal" of an otherwise removable alien. 8 U.S.C. § 236.21(c)(1).

Here, regardless of whether Respondents formally label their actions a "termination" of DACA, Dkt. No. 9 at 2, Respondents took steps contrary with the continuation of deferred action. Respondents issued Petitioner a Notice to Appear ("NTA") and detained her under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 6 at 2. Both actions reflect a decision to *pursue removal* rather than defer it. *See* 8 U.S.C. § 1225(b)(2)(A) ("… the alien shall be detained for a proceeding under section 1229a of this title); *See also* 8 C.F.R. § 1239.1 ("Every removal proceeding ... to determine the deportability or inadmissibility of an alien is commenced by the filing of a notice to appear with the immigration court."). In practical effect, Respondents abandoned deferred action despite leaving the label nominally intact.

Respondents cannot evade the procedural safeguards required by 8 C.F.R. § 236.23(d)(1) by maintaining DACA in name while taking actions contrary to the continuation of deferred action in practice. Because Respondents effectively terminated Petitioner's DACA status through the commencement of removal proceedings and Petitioner's detention—without first providing the notice and opportunity to respond required by the regulation—Respondents failed to follow their own procedures. Because that failure amounts to a due process violation, Respondents' first Objection (Dkt. No. 9) to the R&R is hereby **OVERRULED**.

**B. <u>RELEASE IS THE APPROPRIATE REMEDY FOR THE DUE PROCESS VIOLATION.</u>**

Respondents also argue that, even if a regulatory violation occurred, release is not the proper remedy. Dkt. No. 9 at 4. Respondents contend they should be allowed to correct the regulatory violation. *Id.* The Court disagrees and finds release the appropriate remedy here. *See Santiago v. Noem*, 2025 WL 2792588 (W.D. Tex. Oct. 2, 2025) (finding release the appropriate remedy for detaining DACA holders in violation of due process). Respondents functionally terminated a status carrying significant protection, initiated removal proceedings, and detained

Petitioner without first providing the process contemplated by the DACA regulations. *See* 8 C.F.R. § 236.23(d)(1). This is not the type of procedural defect that can be retroactively cured while detention continues.

Respondents' second Objection (Dkt. No. 9) to the R&R is thus **OVERRULED.**

## IV.    CONCLUSION

The Court hereby **ADOPTS** the R&R (Dkt. No. 7). Accordingly, the Petition (Dkt. No. 1) is hereby **GRANTED in part** and the MTD (Dkt. No. 6) is **DENIED.** Respondents are **ORDERED** to immediately release Petitioner and after that comply with the regulations governing DACA status termination. The Clerk of the Court is **ORDERED** to close the case.

Signed on this 20th day of May 2026

Rolando Olvera
United States District Judge